# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 08-720V
(E-Filed: August 7, 2013)

```
* * * * * * * * * * * * *
DAVID PEDDY and ALYSIA A.        *
PEDDY, legal representatives of   *
minor child, DAVID PIERCE PEDDY   *        UNPUBLISHED
JR.,                              *
                                  *        Special Master
        Petitioners,             *        Hamilton-Fieldman
                                  *
              v.                  *        Measles, Mumps, and Rubella (MMR)
                                  *        Vaccine; Pre-existing Seizure Disorder;
SECRETARY OF HEALTH               *        Developmental Delay; Damages;
AND HUMAN SERVICES,               *        Stipulation.
                                  *
        Respondent.              *
                                  *
* * * * * * * * * * * * *
```

John Wesley Frost, Bartow, FL, for Petitioners.

Ann Martin, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 19, 2008, Petitioners David and Alysia Peddy, filed a petition seeking

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"), on behalf of her minor child David Pierce Peddy, Jr. ("David") alleging that David suffered injuries as a result of receiving certain vaccinations.[2]

On August 6, 2013, Respondent filed a Proffer on Award of Compensation (Proffer). The Proffer indicates that Petitioners agrees with the amounts specified therein. Based on the record as a whole, the undersigned finds that Petitioners are entitled to an award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the court awards Petitioners:

1. A lump sum payment of $1,751,663.00, representing compensation for lost future earnings ($717, 984.00), pain and suffering ($250,00.00), and life care expenses for Year One ($783, 679.00), in the form of a check payable to Petitioners as guardians/conservator of David, for the benefit of David.

2. A lump sum payment of $53, 938.44, representing compensation for past unreimbursable expenses, payable to Petitioners, David P. Peddy and Alysia A. Peddy.

3. A lump sum of $450,400.89, representing compensation for satisfaction of the State of Florida Medicaid lien, in the form of a check payable jointly to Petitioners and

> Agency for Health Care Administration
> Florida TPL Recovery Unit
> P.O. Box 12188
> Tallahassee, FL  32317
> Attn: Nika Ervin

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

4.     An amount sufficient to purchase the annuity contract described in section II. D. of the attached Proffer, paid to the life insurance company(ies) from which the annuity(ies) will be purchased.

Proffer at 3-6.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |  |
|---|---|---|
| DAVID P. AND ALYSIA A. PEDDY, legal representatives of a minor child, DAVID PIERCE PEDDY, JR., | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | No. 08-720V Special Master Hamilton-Fieldman ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

    A.     Life Care Items

The parties engaged life care planners, M. Virginia NeSmith Walton, MSN, FBP, CNLCP, for the respondent, and Paul M. Deutsch, Ph.D., CRC, CCM, CLCP, for petitioners, to provide an estimation of David Pierce Peddy, Jr.'s future vaccine-injury-related needs.  For the purposes of this proffer, the term "vaccine-related" is as described in Special Master Golkiewicz's decision dated September 19, 2012.  All items of compensation identified in the final life care plan, filed contemporaneously with this proffer, as Respondent's Exhibit NNN, are supported by the evidence, and are illustrated by the chart entitled **Tab A:  Summary of Life Care Items.**[1]  Respondent proffers that David Pierce Peddy, Jr., should be awarded all items of compensation set forth in the agreed life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

Respondent further proffers that the appropriate growth rate for life care items of compensation should be four percent (4.0%) for non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in **Tab B: Annuity Funding Portfolio.** Petitioners agree.

B.       Lost Future Earnings

The parties agree that based upon the evidence of record, David Pierce Peddy, Jr., will not be able to engage in full-time gainful employment.  Therefore, respondent proffers that David Pierce Peddy, Jr., should be awarded full lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for David Pierce Peddy, Jr.'s lost future earnings is $717,984.00.  Petitioners agree.

C.       Pain and Suffering

Respondent proffers that David Pierce Peddy, Jr., should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

D.       Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to David Pierce Peddy, Jr.'s vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of  $53,938.44.  Petitioners agree.

E.       Medicaid Lien

Respondent proffers that David Pierce Peddy, Jr., should be awarded funds to satisfy the State of Florida Medicaid lien in the amount of  $450,400.89, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Florida may have against any individual as a result of any Medicaid payments the State of Florida has made

2

to or on behalf of David Pierce Peddy, Jr., from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 10, 2006, under Title XIX of the Social Security Act.

## II.    Form of the Award

The parties recommend that the compensation provided to David Pierce Peddy, Jr., should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

A.      A lump sum payment of $1,751,663.00, representing life care expenses for Year 1 ($783,679.00), compensation for lost future earnings ($717,984.00) and pain and suffering ($250,000.00), in the form of a check payable to petitioners as the guardians/conservators of David Pierce Peddy, Jr.'s estate.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of David Pierce Peddy, Jr.'s estate.

B.      A lump sum payment of  $53,938.44, representing compensation for past un-reimbursable expenses in the form of a check payable to petitioners.

C.      A lump sum payment of $450,400.89, representing compensation for satisfaction of the State of Florida Medicaid lien, in the form of a check payable jointly to petitioners and

Agency for Health Care Administration
Florida TPL Recovery Unit
P.O. Box 12188
Tallahassee, FL  32317
Attn: Nika Ervin.

Petitioners agree to endorse this payment to the State of Florida, Agency for Health Care Administration.

3

D.	An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardians/conservators of the estate of David Pierce Peddy, Jr., for the benefit of David Pierce Peddy, Jr., only so long as David Pierce Peddy, Jr., is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in Tab B describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1.      Growth Rate

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical life care items, and a six percent (6%) growth rate should be applied to all medical life care items.  The benefits illustrated in the chart at Tab B that are to be paid through annuity payments should grow as follows: four percent (4.0%) compounded annually from the date of judgment for non-medical items, and six percent (6.0%) compounded annually from the date of judgment for medical items.  Petitioners agree.

2.      Life-contingent annuity

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as David Pierce Peddy, Jr., is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of David Pierce Peddy, Jr.'s death.

3.      Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of David Pierce Peddy, Jr.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of David Pierce Peddy, Jr., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of  David Pierce Peddy, Jr., upon submission of written documentation of such appointment to the Secretary.

III.    **Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to petitioners as guardians/conservators of
David Pierce Peddy, Jr.'s estate:                                **$ 1,751,663.00**

B.      Lump sum paid to petitioners:                           **$     53,938.44**

5

C.  Reimbursement for Medicaid lien:                    **$  450,400.89**

D.  An amount sufficient to purchase the annuity contract
    described above in section II. D.


Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Assistant Director
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  August 6, 2013